# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| N125DJ, LLC<br>4306 Sisk Road<br>Modesto, California 95356 | :<br>:<br>:<br>: CASE NO. _____<br>: |
| Plaintiff | : JUDGE _____<br>: |
| v. | :<br>: |
| NEXTANT AEROSPACE, LLC<br>C/O CT Corporation System, Registered Agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219 | :<br>:<br>:<br>:<br>:<br>: |
| Defendant. | :<br>: |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**(JURY DEMAND ENDORSED HEREON)**

N125DJ, LLC ("N125DJ," "Buyer," or "Plaintiff") files this *Original Complaint* against Nextant Aerospace, LLC ("Nextant," "Seller," or "Defendant") (collectively, Plaintiff and Defendant shall be referred to herein as the "Parties") and would respectfully show this Court the following:

## I.   INTRODUCTION

1.  Defendant Nextant, Seller, breached the Aircraft Purchase Agreement by failing to deliver *new* aircraft engines to Plaintiff N125DJ, Buyer. Nextant breached the Purchase Agreement by failing to replace the *used* engines on the Aircraft which it sold to Plaintiff as agreed upon in the Purchase Agreement. Without the *new* engines, the Aircraft is worth millions of dollars less than the price which the Parties agreed upon and which Plaintiff has already paid to Nextant. To date, Nextant refuses to deliver and install the *new* engines on the Aircraft as agreed upon in the

Purchase Agreement. Plaintiff is entitled to damages or, in the alternative, rescission of the Purchase Agreement with Defendant Nextant and return of the full purchase price. In either respect, Plaintiff is also entitled to recover its attorney's fees.

## II. PARTIES

2. N125DJ, LLC is a California limited liability company whose sole member is David Olson, a California citizen.

3. Nextant Aerospace, LLC is an Ohio limited liability company with its principal office located at 18601 Cleveland Parkway, Cleveland, Ohio 44135. Nextant Aerospace may be served with summons through its registered agent CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

## III. JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter because the amount in controversy is within the jurisdiction limits of this Court, there is complete diversity of citizenship between all parties, and the amount in controversy exceeds $75,000. 28 U.S. Code § 1332.

5. Additionally, the parties consented to the jurisdiction of this court pursuant to the terms of the Purchase Agreement.

6. Venue is proper because the parties agreed to enforce the Purchase Agreement in "the federal and state courts in the Northern District of Ohio and in Cuyahoga County, Ohio." Additionally, Defendant's principal office is in Cleveland, Ohio. 28 U.S. Code § 1391.

## IV. FACTUAL BACKGROUND

7. Defendant Nextant specializes in remodeling, enhancing, upgrading, then selling business aircrafts. On its website, Nextant professes and promises that "through airframe enhancements, avionics and engine upgrades, and a host of additional improvements, Nextant effectively transforms used business aircraft into *new, zero hour* airframes at a substantial cost

savings."(emphasis added) Nextant claims to have redefined the business aviation industry as the "first company to introduce the FAA-certified remanufacturing process for business jets."

8. Most pertinent to this case, Nextant boasts that "[t]he Nextant 400XTi is a *completely rebuilt* Beechjet 400A/XP with *Williams FJ44-3AP engines* and the Rockwell Collins Pro Line 21 integrated avionics suite." (emphasis added)

**The Purchase Agreement**

9. On or about March 14, 2018, the Defendant agreed to sell to Plaintiff a Raytheon Aircraft Co. 400XP with Supplemental Type Certificates ST02371LA and ST10959SC for conversion to a Nextant Aerospace 400XTi (the "Aircraft"). The parties memorialized their agreement in the Purchase Agreement dated March 14, 2018. Attached hereto as **Exhibit A** is a copy of the Purchase Agreement, which is incorporated by reference.

10. Plaintiff did not purchase an aircraft with used engines. Indeed, the promise to replace the *used* engines with *new* engines was material and did induce Plaintiff into entering into the Purchase Agreement.

11. The Purchase Agreement reflected the understanding of the parties, which is that Defendant would deliver an aircraft with used engines to Plaintiff and would subsequently deliver and install new engines on the aircraft in order to complete conversion it to an Aerospace 400XTi.

12. The purchase price for the Aircraft contemplated Plaintiff would pay the value of a fully-converted aircraft. The Parties determined and agreed to the following purchase price:

> **Purchase Price**. The "Airframe Price" is equal to Seven Hundred and Fifty Thousand United States Dollars ($750,000). The "Modification Price" includes the selected options, interior and avionics specified on Exhibit A (the "Options") and equals Four Million Two Hundred Thirty Four Thousand Three Hundred Sixty Five United States Dollars ($4,234,365). The Airframe Price together with the Modification Price is the "Purchase Price". The Purchase Price is subject to change based on the cost of the Base Aircraft and

the selections of Options. Seller shall provide Buyer with a written computation of any and all adjustments prior to Acceptance (defined in Section 6.3).

13. Plaintiff agreed to pay for a converted aircraft and Nextant promised to deliver a converted aircraft with *new* engines. The terms of the payment pursuant to the Purchase Agreement were as follows:

> **3. Payment Terms**.
> 3.1 Schedule of Payments. Seller acknowledges Buyer has paid a deposit in the amount of Five Hundred Thousand Dollars ($500,000) on February 27, 2018. Buyer shall pay Seller the Purchase Price in amounts equal to:
>
> (a) Seven Hundred Fifty Thousand United States Dollars ($750,000) upon Seller's execution of a purchase agreement with the seller of the Base Aircraft plus twenty five percent (25%) of the Modification Price.
>
> (b) Twenty percent (20%) of the Modification Price at the commencement of the modification of the Base Aircraft;
>
> (c) Forty percent (40%) of the Purchase Price within three (3) days of notice from Seller that the engines are scheduled to ship from the manufacturer; and
>
> (d) The balance of the Purchase Price on the Delivery Date.

14. Without a doubt, the final price which the Parties agreed upon contemplated conversion from a base aircraft into a new Nextant Aerospace 400XTi aircraft with *new* engines. Nextant agreed to deliver the base aircraft to Plaintiff with *used* engines then subsequently deliver and install *new* engines to complete the conversion. To that end, the Purchase Agreement provides on Exhibit A attached thereto a Description and Specifications for the aircraft, which provides the serial numbers for the engines. Because Plaintiff was purchasing new engines (rather than the used engines presently on the aircraft) the serials numbers were identified as "TBD."

15. Furthermore, the Parties executed contemporaneously an Engine Loaner Agreement which stated as follows:

"The term of this Agreement (the "Term") shall commence on the date set forth on Schedule A and continue month to month thereafter *until the Williams International engines owed to Customer by Nextant under the Purchase Agreement (the "New Engines") executed between the parties on March 14, 2018 (the "Purchase Agreement") are delivered and installed on the Aircraft* or earlier terminated as set forth in Section 10 below"

Attached hereto as **Exhibit B** is the Engine Loaner Agreement, which is incorporated by reference.

### Plaintiff Made Timely Payments

16. The Purchase Agreement provides for a payment schedule as follows:

    a. Payment No. 1 – $500,000 (Deposit);

    b. Payment No. 2 – $1,808,591 (Airframe Price + 25% of Modification Price due upon execution of Purchase Agreement);

    c. Payment No. 3 – $846,873 (20% of the Modification Price due upon commencement of modification);

    d. Payment No. 4 – $1,993,746 (40% of the "Purchase Price within three (3) days of notice from Seller that the engines are scheduled to ship from the manufacturer.")[1]

    e. Payment No. 5 – $635,155 (the balance of the Purchase Price (see footnote 2, *infra*, for reference to the application of the $500,000 deposit) upon delivery of an Aircraft fully compliant with the Purchase Agreement (namely, a Nextant Aerospace 400XTi aircraft with *new* Williams International engines).

---

[1] The reference to "Purchase Price" in this provision appears to be an error as it should be 40% of the Modification Price. If such a reference to "Purchase Price" (defined as the Airframe Price + Modification Price) was correct, then the sums paid in payments 1 – 4 would be $164,845 MORE THAN the actual Purchase Price. Thus, the proper amount that should be reflected in Payment No. 4 is 40% of the Modification Price, which equals $1,693,746.

5

17. Until Defendant breach the contraction and in compliance with the payment terms set forth in the Purchase Agreement, Plaintiff made the following payments:

    a. On **February 28, 2018**, Plaintiff made Payment No. 1 in the amount of **$500,000** as a deposit on the Aircraft;

    b. On **March 15, 2018**, Plaintiff made Payment No. 2 in the amount of **$1,808,591** for the Airframe Price and 25% of the Modification Price;

    c. On **March 18, 2018**, Plaintiff made Payment No. 3 in the amount of **$846,873**, which is 20% of the Modification Price;

    d. On **September 25, 2018**, Plaintiff paid **$1,193,746** notwithstanding Defendant's then-existing breach of contract.[2]

**Defendant Failed to Deliver the Engines**

18. Defendant delivered the Aircraft with *used* engines. With the *used* engines, the Aircraft's appraised value is significantly lower than its value would be with *new* engines.

19. Plaintiff made payments to Defendant for the value of an Aircraft with new engines with the expectation that Defendant would abide by the terms of the Purchase Agreement and Engine Loaner Agreement and replace the used engines. Indeed, the fourth payment was not to be made until confirmation that the *new* engines had shipped from the manufacturer. In good faith, Plaintiff made this fourth payment with the expectation that Defendant, as promised, would replace the *used* engines with the to-be-delivered *new* engines.

---

[2] As noted in footnote 1, the correct amount that should be reflected in Payment No. 4 is $1,693,746. Plaintiff applied its $500,000 deposit to this payment (the Purchase Agreement did not reflect when the deposit was to be applied) and made payment in the amount of $1,193,746. Thus, the total amount Defendant received at this point was the full amount then anticipated (notwithstanding the then-existing breach of contract by Defendant) $1,693,746.

20. At the time Plaintiff made the fourth payment, Defendant was already in default of the Purchase Agreement.

21. Defendant has not delivered and installed the new engines as agreed upon.

22. Plaintiff has made multiple demands for delivery and installation of the *new* engines and has yet to receive the product it paid for.

23. Defendant has failed and refused to compensate Plaintiff for the significantly diminished value of the Aircraft or replace the engines.

24. Because of Defendant's breach of the Purchase Agreement, Plaintiff's duty to perform under the contract (namely, issuance of the fifth payment in the amount of $635,155) is not owed or is otherwise suspended until Defendant fully performs on the contract by providing a Nextant Aerospace 400XTi aircraft with *new* Williams International engines.

## V. CLAIMS

### COUNT 1: BREACH OF CONTRACT

25. Plaintiff incorporates and realleges all preceding paragraphs as if fully set forth herein.

26. Plaintiff entered into a valid written contract with Defendant, the Purchase Agreement which incorporated the Engine Loaner Agreement.

27. Plaintiff met its obligations under the Purchase Agreement by paying for the Aircraft.

28. Defendant breached the Purchase Agreement by failing to deliver and install the new engines for the Aircraft.

29. Defendant's failure to deliver and install the new engines as agreed in the Purchase Agreement and Engine Loaner Agreement constitutes a material breach.

30. Defendants' breach has caused and will continue to cause Plaintiff to suffer damages and costs/fees incurred in pursuit of compensation.

### COUNT 2: SPECIFIC PERFORMANCE

31. Plaintiff incorporates and realleges all preceding paragraphs as if fully set forth herein.

32. Plaintiff was ready, willing and able to timely perform all of its obligations under the Purchase Agreement and did so perform all obligations owed to Defendant.

33. In addition to its actual damages and attorney fees, Plaintiff seeks specific performance of the Purchase Agreement, including delivery and installation of new engines on the Aircraft.

### COUNT 3: UNJUST ENRICHMENT (In the Alternative)

34. Plaintiff incorporates and realleges all preceding paragraphs as if fully set forth herein.

35. Plaintiff conferred a benefit upon Defendant in the form of payment for an aircraft with new engines.

36. Defendant knows and acknowledges that it has received such benefit.

37. Defendant retained the benefit under circumstances where it is unjust to do so.

### COUNT 4: FRAUD

38. Plaintiff incorporates and realleges all preceding paragraphs as if fully set forth herein.

39. Defendant induced Plaintiff into purchasing the aircraft at issue in this case.

40. To induce Plaintiff to purchase the Aircraft, Defendant represented that it intended to acquire, provide and install new engines on the Aircraft.

41. In reliance on Defendant's representations, Plaintiff did purchase the Aircraft and did pay substantial funds to Defendants for an Aircraft with new engines.

42. At the time it induced Plaintiff to purchase the Aircraft by representing it intended to install new engines on the Aircraft, Defendant did not intend to provide the new engines and/or knew or should have known that it could not acquire, provide, and/or install the new engines on the Aircraft.

43. Defendant's representations and fraudulent conduct were intended to and actually did induce Plaintiff into buying the Aircraft.

44. Defendant did not install new engines on the Aircraft.

45. Defendant's misrepresentation and fraudulent conduct caused damage to Plaintiff in an amount within the jurisdictional limits of this court.

46. Plaintiff is entitled to damages for Defendant's fraudulent conduct, including any and all punitive damages which may be assessed to Defendant for their conduct.

### COUNT 5: BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

47. Plaintiff incorporates and realleges all preceding paragraphs as if fully set forth herein.

48. At the time of contracting, Defendant knew or had reason to know that that Plaintiff intended to purchase an Aircraft with new engines for a particular purpose.

49. Plaintiff relied upon Defendant's skill or judgment to select and furnish an Aircraft with new engines.

50. Defendant failed to deliver an Aircraft with new engines fit for Plaintiff's particular purpose.

51. Plaintiff suffered damages as a result of Defendant's breach and seeks judgment and recovery of damages for Defendant's breach.

## ATTORNEYS' FEES

52. Plaintiff incorporate and realleges all preceding paragraphs as if fully set forth herein.

53. As a result of Defendant's wrongful conduct and breaches, Plaintiff retained the undersigned counsel to assist in seeking recovery for Plaintiff's claims, including the filing of this complaint and any further amended or supplemental petitions. Plaintiff has incurred and will incur attorneys' fees and costs in bringing this action.

54. Pursuant to section 14.9 of the Purchase Agreement, Plaintiff is entitled to recovery of all costs and expenses incurred in connection with this litigation, including its reasonable attorneys' fees.

### VI. CONCLUSION

WHEREFORE, Plaintiff requests that judgment be entered against Defendant and in favor of the Plaintiff for damages sufficient to compensate Plaintiff or, in the alternative, for rescission of the contract and return of the full payment amount. Additionally, Plaintiff requests recovery of its attorney's fees and costs to the extent recoverable, and that it be granted any and other relief, both special and general, to which it may be justly entitled.

Respectfully submitted,

CARLILE PATCHEN & MURPHY, LLP

*/s/ Matthew S. Brown*
Matthew S. Brown (0077687)
950 Goodale Blvd., Suite 200
Columbus, Ohio 43212
Phone: (614) 228-6135
Fax: (614) 221-0216
Email: mbrown@cpmlaw.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiffs demand a trial of jury on all issues presented herein.

/s/ *Matthew S. Brown*
Matthew S. Brown (0077687)